**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA

2007 JUL -5 P 4:22

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| MARION WILLIAMS, Elder, On Behalf of the United House of Prayer for All People, <br><br>Plaintiff, <br><br>v. <br><br>SAMUEL C. MADISON, Apostle Bishop, The United House of Prayer for All People, and THE APOSTLES AND PASTORS OF THE UNITED HOUSE OF PRAYER FOR ALL PEOPLE, <br><br>Defendants. | CV 107-083 |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Marion Williams, having paid the filing fee, commenced the above-captioned *pro se* case without positing an ostensible basis for the Court's jurisdiction as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(1). Although pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), the Court is obliged to address the matter of jurisdiction

*sua sponte*.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice because the Court lacks jurisdiction over Plaintiff's claims.

## I. BACKGROUND

The facts of this case, as set forth in the complaint, are difficult to discern. *Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants: (1) Samuel C. Madison, Apostle Bishop, The United House of Prayer for All People ("UHPAP") and (2) All the Apostles and Pastors of UHPAP.[2] (Doc. no. 1, pp. 1 & 11).

---

[1] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (*per curiam*) (citations omitted). Furthermore, Federal Rule of Civil Procedure 12 directs, "[w]henever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Moreover, the Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . . The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence . . . . Thus, the party invoking the federal court's jurisdiction bears the burden of proof . . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . . Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Fitzgerald, 760 F.2d at 1251 (citations omitted).

[2] Although it is unclear whether the Apostles and Pastors separately delineated within the complaint (doc. no. 1, p. 11) are "All the Pastors and Apostles of UHPAP," as titled in the caption of the complaint, or whether Plaintiff intended to name these people identified within the complaint as individual Defendants, the Court need not resolve this discrepancy

2

According to Plaintiff, he is an Elder duly sworn to preach and uphold the doctrine of UHPAP. (Id. at 4). Plaintiff submits that Defendants were ordained as Bishops, Apostles, and Pastors, respectively, by former-Bishop Walter McCullough, who Plaintiff alleges was removed on August 25, 1961, by the United States District Court in Washington. (Id. at 3-4). Furthermore, Plaintiff maintains that Defendant Madison is holding office in violation of UHPAP's constitution and by-laws, and that UHPAP cannot have Apostles. (Id. at 6 & 8). Rather, Plaintiff asserts that vacancies in the office of Bishop, Pastor, Overseer, and Evangelist must be filled by ministers. (Id. at 6).

Furthermore, Plaintiff contends that he sent letters to all UHPAP Pastors sometime in 2005 to convene a special meeting to discuss UHPAP politics and organization, but more than a year has elapsed without a response. (Id. at 13-15). Although Plaintiff concedes that UHPAP's constitution prohibits members from filing suit prior to submitting the dispute to UHPAP's court, Plaintiff asserts there is no UHPAP court. (Id. at 8).

As relief, Plaintiff requests that the Court remove Defendants from their respective positions within UHPAP and ban Defendants from church property for two (2) years. (See id. at 12 & 13). Furthermore, Plaintiff requests that the Court freeze UHPAP finances during its reorganization. (See id. at 13).

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

---

because it is recommending dismissal of the complaint based on the Court's lack of jurisdiction.

377 (1994). There are two general sources of federal subject matter jurisdiction in a civil case.[3] One, federal district courts have jurisdiction over cases raising "federal questions," which means cases arising "under the Constitution, laws, or treaties of the United States."[4] 28 U.S.C. § 1331. Two, federal district courts may exercise jurisdiction over so-called "diversity cases," wherein the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Thus, the Court must determine whether subject-matter jurisdiction exists under either of these two possibilities.

In this case, Plaintiff's allegations, even construed liberally, are insufficient to establish subject-matter jurisdiction. First, Plaintiff fails to identify a "federal question" because he has not alleged that Defendants violated any particular federal statute or constitutional provision. 28 U.S.C. § 1331; Andrews v. Hotel Reed Nursing Home, 167 F. Supp.2d 1333, 1339 (S.D. Ala. 2001) (quoting Kirkland Masonry, Inc. v. Comm'r Internal Revenue Serv., 614 F.2d 532, 533 (5th Cir. 1980) ("If jurisdiction is based on the existence of a federal question, the jurisdictional allegation should state that the action arises under a particular statute or provision of the Constitution and the body of the complaint must state

---

[3] Of course, district courts also have jurisdiction over other types of cases, such as when the United States is a party. 28 U.S.C. §§ 1345 & 1346. However, Plaintiff has not alleged, and there is no reason to suppose, that the United States is a party in this case. Moreover, Plaintiff does not proffer any facts to suggest some other basis for jurisdiction.

[4] The Court notes that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Andrews v. Hotel Reed Nursing Home, 167 F. Supp.2d 1333, 1339 (S.D. Ala. 2001) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

facts showing that the case does in fact arise under federal law.")).[5] In fact, Plaintiff has only alleged that Defendants have violated UHPAP's constitution and by-laws. Thus, Plaintiff has failed to proffer sufficient facts to establish jurisdiction based on a "federal question."

Furthermore, Plaintiff has offered no basis to suppose that diversity jurisdiction exists. 28 U.S.C. § 1332. Although Plaintiff alleges that Defendants are of diverse citizenship, he does not seek monetary damages or indicate that there is any amount in controversy. The Court is "obligated to assure itself that the case involves the requisite amount in controversy." Andrews, 167 F. Supp.2d at 1340 (quoting Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000)). Although Plaintiff asks that the Court freeze UHPAP's finances during its reorganization, this does not amount to a request for monetary damages and does not satisfy the amount in controversy requirement.[6] Plaintiff's failure to allege at least $75,000 in damages precludes the Court from exercising subject-matter jurisdiction based on diversity of citizenship. Thus, the Court is not persuaded that Plaintiff has carried his burden of establishing the Court's jurisdiction over his claims.

In sum, Plaintiff has not provided facts giving rise to jurisdiction over his claims, and thus, the case must be dismissed without prejudice. See, e.g., Andrews, 167 F. Supp.2d at 1337-40 (applying "well-pleaded complaint" rule to determine that the court did not have jurisdiction over *pro se* complaint). Notably, the Court cannot speculate whether any facts

---

[5]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[6]Allegations regarding the amount in controversy must be "affirmatively established" by the "underlying facts" as stated on the face of the complaint. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (removal case).

exist that could conceivably give rise to jurisdiction; nor can it advise Plaintiff regarding how to properly invoke the Court's jurisdiction in this case. Although the Court construes Plaintiff's complaint liberally, Haines, 404 U.S. at 520-21, the Court does not have a "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action...." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (citation omitted). Furthermore, liberal construction does not entitle the Court "to conjure up unpled allegations." McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983); St. John v. United States, 54 F. Supp.2d 1322, 1323 (S.D. Fla. 1999). Accordingly, this case should be dismissed based on the Court's lack of jurisdiction.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice because the Court lacks jurisdiction over Plaintiff's claims.

SO REPORTED and RECOMMENDED this 5th day of July, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE